Per Curiam,

While it was error for the- learned court below to base the judgment of conviction on the application of the *682 Federal standard of obscenity alone, we affirm because in our opinion the book is obscene under the standards of our Court of Appeals as well.
In People v. Richmond County News (9 N Y 2d 578, 586) the court expressed the view that a conviction under section 1141 of the Penal Law required a showing of ‘1 hard-core pornography”, and the court explained (p. 587): “Under our statute section 1141 of the Penal Law, the test of the obscene, of the pornographic, is not in the tendency or appeal of the material, but rather in its content objectively appraised. [Citation.] It focuses predominantly upon what is sexually morbid, grossly perverse and bizarre, without any artistic or scientific purpose or justification. * * * It smacks, at times, of fantasy and unreality, of sexual perversion and sickness and represents, according to one thoughtful scholar, ‘ a debauchery of the sexual faculty
The learned court below properly found that the book at bar contained many descriptions of deviate sexual behavior and emphasized sexual perversion in various forms. It thus went beyond accounts of ‘ ‘ normal sexuality ’ ’ and was dominated by what is “ sexually morbid, grossly perverse and bizarre, without any artistic or scientific purpose or justification”. The material, therefore, meets the test of obscenity imposed by Richmond. And there can be no question but that it meets the threefold Federal test requiring that “ (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value ” (Memoirs v. Massachusetts, 383 U. S. 413, 418; Roth v. United States, 354 U. S. 476; Jacobelis v. Ohio, 378 U. S. 184, 191). Nor does Redrup v. New York (386 U. S. 767) mandate a reversal of the conviction.
The emphasis on the grossly perverse, the bizarre and the sexual deviate differentiates this book from those held constitutionally protected in Redrup. It has not been held that the right to freedom of expression is a license for the obscene. Since we agree with the findings of the learned court below on the issue of scienter, and we determine the book to be obscene within the holdings of the authorities, the judgment of conviction should be affirmed.
Concur — Gold, J. P., Hbcht, Jr., and Hofstadter, JJ.
Judgment of conviction affirmed.